UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KATHY R., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )  No. 1:24-cv-00225-KFW |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant | ) |

## MEMORANDUM DECISION[1]

The Plaintiff in this Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erroneously interpreted the medical opinion evidence as well as her testimony. *See* Plaintiff's Brief (ECF No. 14). For the reasons that follow, I affirm the Commissioner's decision.

### I. Background

The Plaintiff applied for benefits in April 2021. *See* Record at 19. After her claim was denied at the initial and reconsideration levels of review, she requested a hearing before an ALJ. *See id.* That hearing took place in May 2023, *see id.* at 38-64, following which the ALJ issued a written decision finding that the Plaintiff had the severe impairments of depression and anxiety, *see id.* at 22. Considering those impairments, the ALJ found that the Plaintiff had the residual functional capacity

---

[1] The parties have consented to me presiding over all proceedings in this action including the entry of judgment. *See* ECF No. 9.

1

(RFC) to perform a full range of work at all exertional levels, except that she could understand and remember simple instructions; could perform simple tasks; could not work the public, but could have incidental contact such as issuing greetings or providing directions; could not perform tandem work; and could adapt to routine changes in the work setting. *See id.* at 24. The ALJ found that the Plaintiff could not perform any of her past relevant work with such an RFC but could perform other work existing in significant numbers in the national economy and was therefore not disabled. *See id.* at 30-32. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The Plaintiff first contends that the ALJ erred in evaluating the opinions of agency nonexamining psychological consultants Leigh Haskell, Ph.D., and Dr. Russell Phillips[2], *see* Plaintiff's Brief at 8-9, both of which the ALJ found "persuasive," Record at 28.  The Plaintiff argues, *see* Plaintiff's Brief at 8, that the ALJ failed to reconcile Dr. Haskell's opinion that she was could "interact with supervisors and a small group of coworkers but not the public," *see* Record at 126, with Dr. Phillips's opinion that she could "tolerate the minimum social demands of simple-task settings" but could not "tolerate sustained contact with the general public," *id.* at 140.  She asserts that the error was not harmless because two of the jobs relied upon by the ALJ at Step 5—cleaner and cafeteria attendant—require more than incidental contact with the public and the third job—assembler—"could reasonably require interaction with more than 'a small group of coworkers.'" Plaintiff's Brief at 8-9.

Even if the ALJ did err in relying on the jobs of cleaner and cafeteria attendant, the Plaintiff's arguments on this point fail to undermine the ALJ's reliance on the job of assembler, which, with 18,500 positions nationally, was sufficient by itself to

---

[2] The Plaintiff argues that the Dr. Phillips's opinion cannot constitute substantial evidence because the record is unclear as to his medical credentials.  *See* Plaintiff's Brief at 9.  Contrary to the Plaintiff's argument, the record lists Dr. Phillips's medical specialty code as "38," which indicates—if a little obliquely—that he is a psychologist.  Record at 137; *see Durakovic v. Comm'r of Soc. Sec.*, No. 3:17-CV-0894 (TJM/WBC), 2018 WL 4039372, at *7 (N.D.N.Y. May 30, 2018) (rec. dec.) ("Plaintiff asserts that there is no indication in the record that Dr. Selsner was a psychologist.  Plaintiff's assertion is incorrect.  The record refers to Dr. Selsner's specialty code as '38.'  Specialty code 38 corresponds to the medical specialty 'Psychology' according to the Social Security Administration's Program Operations Manual System ('POMS').  POMS DI 24501.004B.  Therefore, Dr. Selsner was a psychologist." (cleaned up)), *aff'd*, 2018 WL 4033757 (N.D.N.Y. Aug. 23, 2018).

satisfy the Commissioner's Step 5 burden. *See* Record at 31, 59; *Vining v. Astrue*, 720 F. Supp. 2d 126, 137-38 (D. Me. 2010). The vocational expert testified that someone who could not perform tandem work could still perform the job of assembler, Record at 58-59, and the Plaintiff concedes that the *Dictionary of Occupational Titles* (DOT) description of the job does not indicate that it requires any interaction with the public, *see* Plaintiff's Brief at 9; DOT § 739.687-030, 1991 WL 680180 (4th ed., rev. 1991). In the absence of any supporting authority, I am not persuaded by the Plaintiff's suggestion that a limitation against tandem work is inconsistent with Dr. Haskell's limitation to interacting with only a small group of coworkers. The ALJ was not required to adopt Dr. Haskell's opinion verbatim and the limitation against tandem work adequately captures the essence of Dr. Haskell's limitation. *See Kyah M. v. Colvin*, No. 2:24-cv-00064-NT, 2025 WL 289185, at *4 (D. Me. Jan. 24, 2025) (rec. dec.) ("[A]n ALJ is not obligated to adopt expert opinions verbatim and may translate expert findings into a succinct RFC so long as the RFC findings capture the essence of, or are consistent with, the limitations identified by the experts." (cleaned up)), *aff'd sub nom.*, *Kyah M. v. King*, 2025 WL 460781 (D. Me. Feb. 11, 2025); *Brian M. v. Comm'r of Soc. Sec.*, No. 2:23-cv-2649, 2024 WL 2059775, at *6 (S.D. Ohio May 8, 2024) (rec. dec.) (holding that a "restriction against tandem tasks" was—"if anything—*more* restrictive" than a "limitation to interaction with no

4

more than a 'small of group of coworkers and supervisors'"), *aff'd*, 2024 WL 2702009 (S.D. Ohio May 23, 2024).

The Plaintiff also challenges the weight the ALJ gave to the opinions of agency nonexamining medical consultants Archibald Green, D.O., and Stephanie Green, M.D., as well as treating provider Christian MacFee, PMHNP. *See* Plaintiff's Brief at 9-13. The Plaintiff's arguments on these points, however, amount to nothing more than disagreement with the ALJ's weighing of the evidence, which is not cause for remand. "As this Court has stated over and over again, the mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Justin P. v. O'Malley*, No. 2:23-cv-00053-LEW, 2024 WL 413351, at *2 (D. Me. Feb. 5, 2024) (rec. dec.) (cleaned up), *aff'd*, 2024 WL 1281554 (D. Me. Mar. 26, 2024).

The Plaintiff next argues, *see* Plaintiff's Brief at 13-14, that the ALJ erred in stating that the Plaintiff "reported that she has no side effects" from her medications, Record at 26, when, in fact, the Plaintiff testified that she believed her tremor medication contributed to her headaches "a little bit," *id.* at 51.[3] She also points to a single medical record where she reported having headaches a few days per week that she was treating with Tylenol. *See* Plaintiff's Brief at 14 (citing Record at 677). I am not convinced that the ALJ was obligated to address the Plaintiff's equivocal subjective testimony about her headaches, but, in any event, any error in this regard

---

[3] The Commissioner reasonably points out that the ALJ was likely referring to the Plaintiff's testimony that she did not experience any side effects from her mental health medications. *See* Commisisoner's Brief (ECF No. 16) at 12-13 (citing Record at 53).

5

is harmless given her failure to cite any medical evidence linking her headaches to her tremor medication or explain how further consideration of this issue would have changed the outcome of her claim. *See De Jesus v. Sec'y of Health & Hum. Servs.*, No. 91-2169, 1992 WL 137507, at *3 (1st Cir. June 19, 1992) ("[W]e are in no way troubled by claimant's objection that the ALJ impermissibly ignored her testimony that the side-effects of her medications made her to sleepy to engage in work activity. There was no mention of this problem anywhere in the medical evidence. In the absence of any medical evidence, the ALJ was entitled to disregard claimant's testimony."); *Norman T. v. O'Malley*, No. 2:23-cv-00134-NT, 2024 WL 413385, at *2 (D. Me. Feb. 5, 2024) (rec. dec.) ("Remand requires a showing that the outcome of the claim for benefits would likely be different if the plaintiff's view of an issue is correct." (cleaned up)), *aff'd*, 2024 WL 1051259 (D. Me. Mar. 11, 2024).

Finally, the Plaintiff argues that the ALJ "selectively and erroneously" found that her activities of daily living were inconsistent with her allegations of disabling symptoms and limitations. Plaintiff's Brief at 15. In making this finding, the ALJ correctly noted, among other things, that the Plaintiff reported no problems with personal care and that she grocery shopped regularly. *See* Record at 26 (citing *id.* at 337-44). The Plaintiff quibbles that she also reported her husband must remind her to do things like showering and she only goes out for quick shopping trips while accompanied and driven by her husband. *See* Plaintiff's Brief at 15 (citing Record at 48, 340-41). Given that the ALJ explicitly acknowledged her alleged difficulties with memory and social interaction, *see* Record at 25-26, I fail to see how this

argument is anything more than another improper request to reweigh the evidence—that the Plaintiff wishes the ALJ viewed her activities of daily living in a light more favorable to her claim is not cause for remand.

### IV.  Conclusion

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.

Dated: May 12, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge